MARTINEZ-PEREZ v. ASHCROFT Thank you, Your Honor. I'd like to reserve one minute. May it please the Court, my name is Frank Ronzio, and I'm appearing on behalf of the Petitioner Perez-Martinez. This is a situation, Your Honor, where the Petitioner was given permanent residency. He committed a crime, and he lost his permanent residency. The immigration judge found that he was convicted of an aggravated felon under INA 101-A43G. He was convicted of grand theft, but in order to be convicted of an aggravated felon under the federal statute, you have to have the imposition of sentence has to be at least one year. I'm sorry, it has to be more than one year. And so the problem with this case is that under the – it really deals with the California Penal Code, in particular, Section 484-A, which defines theft. And the Court in Corona-Sanchez had problems with the way in which the California Defense takes into consideration actions and acts that are not within what the Ninth Circuit imposes for their definition of theft. And that's where the problem lies with this case. In what respect? Do you argue that it doesn't have a specific intent requirement? That's for one. But it's overbroad. It criminalizes theft of labor, solicitation of false credit reporting. It has other acts and activity in there that is not within the federal guidelines. And so, in essence, it's not an aggravated felon when you consider the federal sentencing guidelines. Is that how this was argued to the board below? I'm sorry. Is that the argument you made below to the Board of Immigration Appeals? The argument that was made below, Your Honor, was that it was not a crime considered to be an aggravated felon. That was the only pro se argument that was made. And the briefs were done on exhaustion, and it was decided, or the briefs point out that exhaustion was completed. But he did represent himself pro se in Corona's sentence. So are you conceding that it is an aggravated felony for purposes of that argument? No, I'm not. I'm sorry if I misled you. What I'm saying is that the issue was exhausted in the administrative level, and therefore, we have jurisdiction today. Basically, that's where the rub is. The respondent will say that he was convicted of grand theft, and the imposition of sentence was two years. So what's the argument here? And the argument is that the California Penal Code section is over-inclusive, and that you – there isn't enough evidence in the record to establish what he did. All we have is an abstract of justice that says that he was convicted of grand theft, and the imposition was two years. But what more do we need? I mean, we look at the statute. The statute under 487 defines it as a felony. The abstract of judgment says that he was convicted of grand theft and was in prison for two years. What's missing? Well, I agree with you, but if you look at the dictum in Corona-Sanchez, the defendant there was advised at the time of his guilty plea that he could receive a maximum of two years, and he pled guilty. But wasn't the problem in Corona-Sanchez, wasn't that the 11350 or 11351 of the Health and Safety Code that was at issue? And it depended upon whether he actually was possessing drugs as opposed to distributing them. We don't have that ambiguity under this statute and on these facts. The ambiguity that I saw, Your Honor, in Corona-Sanchez was that he was a reentry after they were looking at the underlying convictions to see if they established aggravated felony. Because it was unclear because of the way the statute was written whether transportation or possession constituted an aggravated felony. Here we don't have that problem. If we look at 484 and 487 and we look at the abstract of judgment, end of story. Aggravated felony, two years. Well, I can see your point, Your Honor, but I would have to say that they went deeper into the California Penal Code and they didn't like what they saw. Well, we went deeper into the California Health and Safety Code because of the way that the state legislature had defined various drug offenses under California law. This is a California Penal Code provision defining forms of theft. And we don't have the same ambiguity problem in my view. I mean, I don't see what the problem is here. I hear your argument, I just think it's different from Castro's. I respectfully would state that in Corona-Sanchez we're dealing with a respondent who was caught stealing beer and cigarettes. Okay? And I don't see the drug connotation there. I'm sorry. I'm sorry. I was thinking of a different case. Yes. That's my reading of the facts. Okay. And he was stealing beer and cigarettes. So you say beer and cigarettes. What outside of larceny is that? Okay? And so it's directly on four points because once again, the Ninth Circuit had a serious problem with the California Penal Code with respect to the theft, the theft sections. And they were, they didn't Was that the wobbler? Yes. The problem, whether it might be a misdemeanor or a felony? Well, it's a divisible statute on the California Penal Code because it does state that the imposition of sentence is six months, which would put it clearly under an aggravated felony for 101A43. However, there is a state, there is a section that allows for state time. If it's a second petty theft, right? Right. That would certainly, that would certainly give it consideration for, with the prior that he would be doing state time. But here we have a conviction under a different provision, 487. That's correct. Which is the felony provision. It's not a wobbler. It's a felony. Well, I would have to say that it is a wobbler, Your Honor, because 487C just defines grand theft. Grand theft is $400. Which makes it the felony. Well, that's the problem with the California Penal Code. It doesn't come out. It's clear in 487, but it wasn't clear in 484. That's the difference, isn't it? I believe that 487C is just, all it does is describe what the bounds of a theft is, and if it's $400 or more, it's grand theft. It doesn't say that you would get state time if you're convicted of 487C. It just says that the court will make a decision with respect to whether you're going to have the state time or the county time. And so it's, that's my resounding topic is that the Ninth Circuit does not like the way the California Penal Code has created this section of law. It's very ambiguous. It doesn't compare with the Ninth Circuit's definition of theft. And I believe that's why, in the Corona case, that they sent it down for resentencing. And I would submit that that's why we're arguing this, because it sits on all fours with Corona, and it should be sent down for resentencing. Thank you. Okay. Thank you. Good morning. May it please the Court. David Dauenheimer on behalf of the Board of Respondents, the Attorney General. Petitioner in this case was convicted of grand theft from person under Section 487C of the California Penal Code. That crime is both basically and categorically a theft offense under the INA. He was sentenced to two years' imprisonment, and under the INA he is thus properly considered an aggravated felon and subject to deportation or removal. Petitioner argued before the Board that the crime of grand theft from person didn't require a specific intent to deprive the owner permanently. However, this Court's decision in Corona-Sanchez has indicated that the generic crime of theft only requires an intent to deprive the individual either permanently or temporarily. And therefore, that argument is without any persuasiveness. To the extent that this Court is concerned that the case of Corona-Sanchez may require it to remand this matter, Corona-Sanchez is distinguishable. In that case, the petitioner, the alien, was convicted under California Penal Code Section 484A of a petty theft with a prior conviction. The Court then parsed out the recidivist section, which was under 666 and 488 of the code, saying that you could not consider that when determining whether his sentence of more than one year qualified him as an agafal. And they said you had to just look at the fact of the underlying charge, which was 484A, and that the most he could have been sentenced to was six months, and therefore it did not qualify as an aggravated felony under the INA. He also said it was overbroad, though. That's correct, Your Honor. It looked at the text of 484A and found that that provision was overbroad. However, in this case, the petitioner was convicted under 487C, which by definition narrows what crime or what types of conduct would qualify as a crime of grand theft from person. In fact, in this case, the petitioner was originally charged with robbery, which, as the courts in California have explained, is simply a larceny aggravated by the use or application of force or fear. He was then pled guilty to the lesser included offense of grand theft from person. Under the California law, that requires that he steal the property, personal property of another from the person of another. Those requirements, those elements are clearly contemplated within the generic definition that was adopted by this Court of theft in Corona-Sanchez. And because 487C can be read in no other fashion but to fit the generic definition that this Court laid out in Corona-Sanchez, and petitioner was sentenced to more than one year, his crime is thus properly considered an aggravated felony under the INA. Does 487 reach aiding and abetting? It's unclear how the courts would charge an aiding and abetting with regard to the grand theft from person. It may indeed reach aiding and abetting, and the court in Corona-Sanchez indicated that the fact that it may reach aiding and abetting may cause it to fall outside of the generic definition of the crime of theft. However, it appears that that argument would prove too much in that virtually any crime in California could be reached under the aiding and abetting clause, and then no crime would therefore qualify as an aggravated felony, or no theft crime would qualify as an aggravated felony under the category. Well, not under the categorical approach. Then you'd have to go to the modified analysis and find out what they were actually charged with. Yes, and I think if this court does go to the modified approach and looks at the charging document as well as the plea of conviction, it sees that the actual conduct that was charged was initially the robbery, which required that he, through the application of force or fear, stole the personal property of one Teresa Gutierrez from her person. Given that that's the factual context of the crime that was charged in this case and his plea to the 487C grand theft from person, there's no other conclusion that can be reached but that his crime fits the generic definition of theft under Corona-Sanchez. The court raised the issue as to whether Petitioner had properly exhausted his claims with regard to Corona-Sanchez while he was before the board. It appears that the Petitioner raised the issue as to whether his crime was an aggravated felony or not under the INA, to the extent that he relied only on the argument that it was not an ag felon because it didn't require the correct type of intent, this court could find that he had failed to exhaust arguments with regard to the actual generic definition in Corona-Sanchez and whether it meets that generic definition for other reasons. However, it appears that at least the issue of his status as an aggravated felon had been raised and exhausted before the board. Haven't you conceded that point in the letter of October 28th, 2004? Yes, Your Honor. I'm looking at the last paragraph of your letter. Yes, Your Honor. We stated that it appears that the issue as to whether he was an aggravated felon under 101-843 was raised before the board and thus appears to be exhausted before the agency. Do we have an independent obligation to satisfy ourselves that that's true or can the parties stipulate the jurisdiction? This court does have an independent obligation as a failure to exhaust is a jurisdictional prerequisite to raising a claim here in the court so that it may reach a conclusion different from the parties in this particular case. Notwithstanding the fact that you both say he did exhaust. That's correct, Your Honor. Okay. Depending on your questions, Your Honor, that's all I have. That's all I have. All right. Thank you very much. We'll give you a minute for a rebuttal. I think that under the California Penal Code, Your Honor, was correct in stating that it does, even under 248-7C, it includes aiding and abetting and other criminalized activities that doesn't encompass the same activity in theft as does the Ninth Circuit's definition of theft. And that's the problem with the California Penal Code. And that's the problem with this case. Is there a difference under California law? I thought aiding and abetting was simply a doctrine of liability that rendered the aider and abetter liable just as the principle. So why is that a separate criminal offense? Well, Your Honor, the problem that I see is that the code section is all too inclusive and takes in activity that is not listed in other statutes. And we're trying to we're saying that, Your Honor. To answer my question, counsel, isn't aiding and abetting a principle of criminal liability that renders the actor liable on the same scale as the principle? It's not a separate crime. It's like liability of a co-conspirator under the Pinkerton Doctrine, isn't it? Right. I agree with you, Your Honor. Yes, you're absolutely right. Once again, in Corona, they took apart the California Penal Code under these sections and they weren't happy with some of the language in there. They felt that they had the federal statute and the guidelines that are going to aggravated felony conviction definition has to be much clearer if you're going back to the state courts and looking at their definitions of these crimes. I mean, Congress stated that the imposition for an aggravated felony under a theft crime, the imposition of sentence is more than a year. So the idea is what is a theft crime that puts someone in that category? And that's where we're saying that this case falls because it wasn't the facts don't present the case where it's clearly within an aggravated felony. Thank you. All right. Thank you, both counsel, for your arguments. The case argued will be submitted.
judges: Tashima, Fisher, Tallman